# COURT OF APPEALS OF VIRGINIA

## Record No. 0486-25-1

RONALD TRAVIS EWELL

v.

COMMONWEALTH OF VIRGINIA

Present: Judges Ortiz, Chaney and Frucci

Argued at Virginia Beach, Virginia

Opinion Issued August 11, 2026[*]

### FROM THE CIRCUIT COURT OF MATHEWS COUNTY
Jeffrey W. Shaw, Judge

Michael T. Soberick, Jr. (Dusewicz & Soberick, on brief), for appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Jason S. Miyares,[1] Attorney General, on brief), for appellee.

### MEMORANDUM OPINION BY
### JUDGE STEVEN C. FRUCCI

Following a bench trial, the Circuit Court of Mathews County convicted Ronald Ewell of assault and battery and wounding in the commission of a felony. The circuit court sentenced Ewell to 4 years and 12 months of incarceration. On appeal, Ewell argues that the circuit court erred in convicting him of wounding in the commission of a felony under Code § 18.2-53 because he was not convicted of a separate, underlying felony. For the following reasons, we affirm the circuit court.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

BACKGROUND[2]

On April 2, 2024, T.J.[3] was at his grandmother's trailer home with two of his cousins. The group was playing cards and socializing when T.J.'s stepfather, Ewell, arrived unexpectedly. Ewell was separated from T.J.'s mother at the time, although they were not yet divorced. During the gathering, Ewell made comments about T.J.'s mother, including that he "loved her." T.J. countered and said, "you didn't love my mom" and referenced "things that [Ewell] used to do to her." Ewell became angry, yelled, "Listen, here, boy," and grabbed T.J. "around [the] throat" with both hands. Ewell was squeezing T.J.'s neck in a manner that made it difficult for him to breathe and swallow and prevented him from calling out for help.

Ewell then dragged T.J. by his neck from the living room to the bathroom—a distance of approximately 15 to 30 feet. After entering the bathroom, Ewell "slammed [T.J.] down in the bathtub" breaking T.J.'s thumb. Ewell then closed the bathroom door and told T.J., in a loud voice, that he needed to talk to him. At this point Ewell's hands were no longer around T.J.'s neck so T.J. screamed out, but his voice was "a little scratchy."

Somebody tried getting into the bathroom, but Ewell would tell them that "he just wanted to talk" to T.J. At this time, T.J. "was sitting there crying" telling Ewell to "just let [him] out of the bathroom." Eventually, the others were able to get into the bathroom. When they opened the door to the bathroom Ewell turned around and T.J. "got out the bathtub and [] ran." T.J. ran

---

[2] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we discard any evidence that conflicts with the Commonwealth's evidence, and regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Cady*, 300 Va. at 329.

[3] At trial, the testimony referred to the victim as "T.J." To remain consistent with the record below and to protect the privacy of the victim, we will use those initials.

"outside into the woods" and called his father. T.J.'s father called law enforcement. Thereafter, law enforcement arrived and T.J. was taken to the hospital.

*Procedural History*

Ewell was initially charged with strangulation, in violation of Code § 18.2-51.6, and assault and battery, in violation of Code § 18.2-57. He was also directly indicted for unlawfully shooting, stabbing, cutting or wounding T.J. "in the commission or attempted commission of a felony" in violation of Code § 18.2-53.

Ewell moved to dismiss the strangulation charge on speedy trial grounds and expressly stated that the motion did not apply to the other two charges. The circuit court granted the motion and dismissed the strangulation charge and scheduled the two remaining charges for a bench trial. Before trial, the Commonwealth moved to amend the indictment of unlawful wounding because of the dismissal of the strangulation charge on speedy trial grounds. The Commonwealth clarified that strangulation provided the predicate offense for unlawful wounding in the commission of a felony. Ewell did not object.

After the Commonwealth rested at the bench trial, Ewell moved to strike both remaining charges. Ewell argued that Code § 18.2-53 requires a separate felony conviction and could not "stand alone." He contended that the circuit court was being asked "to essentially rule on a charge not before the Court because you have to find the felony." Ewell acknowledged that he had "no cases specifically to say that" but argued that the case law supported his position based on his "survey" of the authorities. The circuit court denied the motions. In doing so, the court reasoned that "the Commonwealth does have to prove beyond a reasonable doubt the commission of the underlying felony," but "it is not necessary to separately indict and prosecute the underlying felony." Ewell appeals.

ANALYSIS

Ewell argues that the circuit court erred in convicting him of wounding in the commission of a felony under Code § 18.2-53 because he was not convicted of a separate, underlying felony.

"[A] court's interpretation of a statute is a pure question of law, reviewed de novo." *Hughes v. Commonwealth*, 87 Va. App. 136, 154 (2026) (alteration in original) (quoting *Wallace v. MJM Golf, LLC*, 86 Va. App. 663, 675 (2026)). When interpreting a statute, this Court's "primary objective is to 'ascertain and give effect to legislative intent,' as expressed by the language used." *Id.* (quoting *Corzine v. Alexandria City Council*, 86 Va. App. 623, 630 (2026)). The Court "must assume that 'the legislature chose, with care, the words it used when it enacted the relevant statute.'" *Id.* (quoting *City of Virginia Beach v. ESG Enters., Inc.*, 243 Va. 149, 153 (1992)). Thus, this Court is "bound by the plain language of the statutes at issue." *Id.* (quoting *Wallace*, 86 Va. App. at 676).

Under Code § 18.2-53, "[i]f any person, in the commission of, or attempt to commit, felony, unlawfully shoot, stab, cut or wound another person he shall be guilty of a Class 6 felony." The purpose of the statute "is to deter the use of specific forms of violence and thus lessen the risk of bodily harm to potential victims of felonious crime." *Blythe v. Commonwealth*, 222 Va. 722, 727 (1981). "To effectuate this purpose, the General Assembly employed the only appropriate means available," namely, "the imposition of punishment for the use of such violence in addition to the penalty prescribed for the primary felony." *Id.* Accordingly, the plain language of the statute makes clear that a separate conviction is not required to be found guilty under Code § 18.2-53. Rather, the code section requires proof of an attempt, or commission of, a felony. In determining that Code § 18.2-53 does not require a conviction of a separate, underlying felony, we turn to whether there was sufficient evidence of an attempt, or commission of, a felony.

- 4 -

"When faced with a challenge to the sufficiency of the evidence supporting a criminal conviction, an appellate court is faced with the limited task of determining 'whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Cuffee v. Commonwealth*, ___ Va. ___, ___ (Apr. 16, 2026) (quoting *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024)). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). The only relevant question for this Court on review is, "after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)).

T.J. testified that Ewell grabbed him around the throat with both hands and squeezed with so much force that it made it difficult for him to breathe and swallow and prevented him from calling out for help. T.J. recounted that Ewell then dragged him a distance of 15-30 feet by the neck. T.J.'s cousin, who witnessed the confrontation, corroborated T.J.'s account, recalling that Ewell gripped T.J. by the neck so hard that he lifted him off the floor. Photographs of T.J. taken by police show bruising to his neck. Based on the testimony from T.J. and his cousin, and the photographs showing T.J.'s injuries, ample evidence exists that would allow a rational trier of fact to find that Ewell feloniously strangled, or attempted to strangle, T.J.

Code § 18.2-53 does not require a separate felony conviction, only proof that the defendant committed a predicate felony. Here, given that the record contains sufficient evidence to conclude that Ewell strangled T.J., the circuit court did not err in denying Ewell's motion to strike and finding him guilty of unlawful wounding under Code § 18.2-53.

## CONCLUSION

For the foregoing reasons, we affirm the circuit court.

*Affirmed.*

Chaney, J., concurring in part and dissenting in part.

I agree with the majority that a conviction for wounding in the commission or attempted commission of a felony under Code § 18.2-53 does not invariably require a separate conviction for the predicate felony. Ordinarily, the Commonwealth may prove beyond a reasonable doubt that the accused committed or attempted to commit the predicate felony without obtaining a separate conviction for that offense.

This case, however, presents a narrow circumstance that the general rule does not address. The Commonwealth separately charged Ewell with strangulation under Code § 18.2-51.6. The circuit court later dismissed that charge under Code § 19.2-243, and the Commonwealth then identified strangulation as the predicate for the Code § 18.2-53 charge at trial. Allowing the discharged strangulation offense to supply the necessary predicate would deprive Ewell's statutory discharge from prosecution of practical effect. I, therefore, agree with the majority's general rule but respectfully dissent from its application in this case.

I. Code § 18.2-53 ordinarily does not require a separate predicate-felony conviction.

Code § 18.2-53 provides that "[i]f any person, in the commission of, or attempt to commit, [a] felony, unlawfully shoot[s], stab[s], cut[s] or wound[s] another person he shall be guilty of a Class 6 felony." The statute does not state that the accused must be separately charged with or convicted of the predicate felony. However, the phrase "in the commission of, or attempt to commit, a felony" must still be given effect. *See, e.g.*, *Hughes v. Commonwealth*, 87 Va. App. 136, 154 (2026) ("Courts must . . . 'faithfully apply the [statute] "by giving reasonable effect to every word used"' by the General Assembly and may not treat statutory language as surplusage." (second alteration in original) (quoting *Corzine v. Alexandria City Council*, 86 Va. App. 623, 630 (2026))). Code § 18.2-53 does not punish every unlawful wounding; it punishes a wounding committed during the commission or attempted commission

of a felony. Thus, even when the predicate felony is not separately prosecuted, the Commonwealth must prove that felony beyond a reasonable doubt. *Cf. Bowling v. Commonwealth*, 12 Va. App. 166, 178 (1991) (explaining that under Code § 18.2-53.1, "the underlying felony must be proven beyond a reasonable doubt").

*Davis v. Commonwealth*, 4 Va. App. 27 (1987), illustrates the general principle. There, the defendant was indicted for using or displaying a firearm while attempting to commit robbery but was not separately charged with attempted robbery. *Id.* at 29. This Court held that Code § 18.2-53.1, which prohibits the use or display of a firearm in the commission of a felony, contained no language requiring the accused to be separately charged and prosecuted for the underlying felony. *Id.* at 30. This Court nevertheless emphasized that "the underlying felony must be proved beyond reasonable doubt." *Id.* at 31. Thus, the Commonwealth had to prove "first, that an attempted robbery occurred, and, second, that appellant used or displayed a firearm while making such attempt." *Id.* The indictment in *Davis* "clearly charged" the attempted-robbery predicate, and the jury was specifically instructed that both the attempted robbery and the firearm use had to be proved beyond a reasonable doubt. *Id.*

*Davis* supports the general rule because it separates proof of the predicate felony from a separate prosecution or conviction for that felony. *See id.* However, *Davis* is distinguishable because it involved an uncharged predicate that the indictment expressly identified from the outset. It did not concern a predicate felony that had been separately charged and subsequently dismissed under Code § 19.2-243. Therefore, *Davis* does not address the implications of such a statutory discharge.[4]

---

[4] The Commonwealth relies on *Blythe v. Commonwealth*, 222 Va. 722 (1981), and *Hall v. Commonwealth*, 14 Va. App. 892 (1992). In *Blythe*, the Supreme Court explained that Code § 18.2-53 authorizes punishment for specified violence committed during a felony "in addition to the penalty prescribed for the primary felony." 222 Va. at 727. *Hall* similarly described Code § 18.2-53 as imposing "additional punishment over and above the penalty prescribed for the

II. The statutory speedy-trial dismissal under Code § 19.2-243 alters the predicate felony analysis.

Ewell was initially charged with strangulation under Code § 18.2-51.6, assault and battery under Code § 18.2-57, and wounding in the commission or attempted commission of a felony under Code § 18.2-53. R. 1, 11. The original indictment under Code § 18.2-53 alleged that Ewell wounded T.J. "in the commission or attempted commission of a felony" without identifying strangulation or citing Code § 18.2-51.6. R. 1. Ewell filed a motion to dismiss the strangulation charge on statutory and constitutional speedy-trial grounds, explicitly stating that the motion did not apply to the other two charges. R. 5-6, 165, 168-69. The circuit court granted the motion and dismissed the strangulation charge. R. 14.

Code § 19.2-243 provides, as relevant here, that an accused who is not brought to trial within the prescribed period "shall be forever discharged from prosecution for such offense." Unlike an acquittal, a dismissal under Code § 19.2-243 does not establish that the Commonwealth failed to prove strangulation or that Ewell did not commit it. The dismissal was based on the Commonwealth's failure to bring that charge to trial within the prescribed period. However, the statute imposes a legal consequence for that procedural violation: Ewell was "forever discharged from prosecution for such offense." The question is what legal effect that discharge has when the Commonwealth later relies on strangulation as the identified predicate felony for a separate conviction.

Before arraignment on the remaining charges, the Commonwealth moved to amend the Code § 18.2-53 indictment "given the previous ruling by the Court." R. 58-59. It asked to insert "strangulation" in parentheses after the allegation that Ewell wounded T.J. in the commission or

---

primary felony" to deter the violence the statute specifies. 14 Va. App. at 900. Neither *Blythe* nor *Hall* addresses whether a separate conviction for the predicate felony is required or the effect of a discharge under Code § 19.2-243.

attempted commission of a felony. R. 58-59. Defense counsel initially described the proposed insertion as "brand new information." R. 59. After an off-the-record discussion, counsel stated that he had no objection and asked whether the court was "just inserting the words strangulation in parentheses." R. 59. The court confirmed that it was. R. 59. The clerk then arraigned Ewell on the allegation that he wounded T.J. "in the commission or attempted commission of a felony, strangulation." R. 60.

Ewell does not challenge the Commonwealth's indictment amendment on notice or prejudice grounds. Rather, the amendment's significance lies in its explicit designation of strangulation as the Commonwealth's chosen predicate felony. The issue is whether the Commonwealth could rely on the discharged strangulation offense as the requisite predicate for the Code § 18.2-53 charge. The amendment did not itself create the issue; it made explicit that strangulation was the predicate on which the Commonwealth proceeded at trial. Although the Commonwealth stated at the dismissal hearing that "it could have brought other felonies," it did not identify a different felony as the predicate for the Code § 18.2-53 charge at trial. R. 58-60, 117, 175-76.[5]

Ewell later placed the issue before the circuit court.[6] In moving to strike the Code § 18.2-53 charge, Ewell emphasized that strangulation was no longer a charge before the court

---

[5] Whether the evidence might have supported a different predicate felony is not before the Court. This appeal concerns the predicate the Commonwealth identified in its amended indictment and the circuit court adjudicated at trial.

[6] At oral argument, the Commonwealth separately argued that Ewell failed to preserve the statutory-discharge issue under Rule 5A:18 and that the argument fell outside the assignment of error or was inadequately briefed under Rule 5A:20(c). However, the record shows that Ewell preserved the argument in the trial court by arguing that the Code § 18.2-53 charge could not "stand alone" because strangulation was no longer before the court. R. 109-10.
Ewell's assignment of error challenges the Code § 18.2-53 conviction based on the absence of an underlying felony conviction, and his opening brief specifically argued that the speedy-trial dismissal of strangulation required dismissal of the Code § 18.2-53 charge. Op. Br. 9-10. I therefore would reach the narrower statutory-discharge argument.

because it had been dismissed for a speedy-trial violation. R. 109-11. He argued that the circuit court was being asked "to essentially rule on a charge not before the Court because you have to find the felony" and maintained that the Code § 18.2-53 charge could not "stand alone." R. 110.

In denying Ewell's motion to strike, the circuit court reasoned by analogy to *Davis v. Commonwealth*, 4 Va. App. 27, and Code § 18.2-53.1, stating that its ruling rested on "the similarity of the two code sections." The court recognized that "the Commonwealth does have to prove beyond a reasonable doubt the commission of the underlying felony," but concluded that "it is not necessary to separately indict and prosecute the underlying felony." R. 117. The court further explained that "an acquittal or a failure to prove the underlying felony beyond a reasonable doubt would then require an acquittal of the extra charge." R. 117. The court later found Ewell guilty of both remaining offenses. R. 138.

The majority concludes that the evidence was sufficient to permit a rational factfinder to find that Ewell "feloniously strangled, or attempted to strangle, T.J." I agree that the record, viewed in the light most favorable to the Commonwealth, contains sufficient evidence to establish strangulation.

However, the sufficiency of that evidence does not answer the statutory question. Nor is the question whether the Commonwealth could introduce evidence of Ewell's conduct. The narrower question, which *Davis* did not address, is whether strangulation—an offense for which Ewell had already been forever discharged from prosecution—could supply the predicate-felony element required by Code § 18.2-53.

III. The relevant caselaw does not resolve the predicate-felony question but informs the effect of the statutory discharge.

At oral argument, the Commonwealth relied on *Ragsdale v. Commonwealth*, 38 Va. App. 421 (2002), to argue that the dismissal of the strangulation charge did not prevent it from proceeding under Code § 18.2-53. In *Ragsdale*, a rape charge was dismissed under Code

- 11 -

§ 19.2-243, and the Commonwealth later indicted the defendant for carnal knowledge arising from the same incident. *Id.* at 424-25. This Court recognized that the speedy-trial violation forever discharged Ragsdale from prosecution for rape but held that the later prosecution could proceed because carnal knowledge was not the same offense as rape under the *Blockburger* elements test for double jeopardy.[7] *See id.* at 428 ("[U]nder the traditional *Blockburger* test, carnal knowledge is not a lesser-included offense of rape, and the trial court did not err in allowing the prosecution of the offense to proceed.").

That holding does not resolve the predicate-felony issue before us. Whether strangulation and Code § 18.2-53 constitute the same offense under *Blockburger* need not be decided, and the analysis does not rest merely on the factual relationship between those offenses.

The carnal-knowledge charge in *Ragsdale* was an independently defined offense requiring proof of facts that rape did not require. *See id.* at 428-29. This Court did not consider whether an offense dismissed under Code § 19.2-243 could then perform the indispensable legal function of supplying the expressly identified predicate felony for a compound offense. *See id.* at 427. Rather, the Court assumed without deciding that the statutory discharge might extend to a lesser-included offense. *Id.*

Ewell's conviction for wounding in the commission or attempted commission of a felony under Code § 18.2-53 was not based merely on conduct factually related to strangulation. After the strangulation charge was dismissed, the Commonwealth expressly identified strangulation as the predicate felony. R. 58-60. Under that theory, the circuit court could not convict Ewell without determining beyond a reasonable doubt that he committed or attempted to commit

---

[7] The *Blockburger* test, drawn from *Blockburger v. United States*, 284 U.S. 299 (1932), asks "whether each statutory offense requires proof of a fact that the other does not." *Commonwealth v. Gregg*, 295 Va. 293, 298 (2018). It is a "rule of statutory construction" used to determine whether two statutory charges constitute the same offense for double-jeopardy purposes. *Id.* (quoting *Whalen v. United States*, 445 U.S. 684, 691 (1980)).

- 12 -

strangulation. Thus, unlike the independently defined offense in *Ragsdale*, the Code § 18.2-53 conviction necessarily depended on the discharged strangulation offense performing the legal function of supplying the required felony predicate.

*Clark v. Commonwealth*, 4 Va. App. 3 (1987), and *McCalla v. Commonwealth*, 87 Va. App. 564 (2026), inform the scope and practical effect of a Code § 19.2-243 speedy-trial discharge, although neither controls the distinct predicate-felony question here. In *Clark*, charges for attempted robbery, use of a firearm in the commission of a felony, and wearing a mask were dismissed because the Commonwealth failed to bring the defendant to trial within the period required by Code § 19.2-243. 4 Va. App. at 4. The Commonwealth subsequently indicted the defendant for conspiracy to commit those same substantive offenses. *Id.* at 4-5. This Court reversed the conspiracy convictions after concluding that the conspiracy and substantive charges arose from the same act or transaction, could have been joined, required the same evidence, and could have been tried contemporaneously. *Id.* at 6-7.

In *McCalla*, this Court recently confirmed that *Clark*'s definition of "offense" is not confined to *Clark*'s particular procedural facts. 87 Va. App. at 573-74. Relying on *Clark* and *Ford v. Commonwealth*, 33 Va. App. 682 (2000), this Court explained that "offense," as used in Code § 19.2-243, includes charges based on the same act or transaction and related offenses that could be joined for trial and tried by the same jurisdiction. *McCalla*, 87 Va. App. at 572-74. The Court therefore held that the unlawful-wounding and malicious-wounding indictments in that case arose from the same "offense" for purposes of Code § 19.2-243. *Id.* at 574. Nevertheless, the Court affirmed because tolling left the original speedy-trial clock unexpired when the Commonwealth obtained the superseding indictment, thereby beginning a new speedy-trial period. *Id.* at 576-84.

- 13 -

That timing matters here. *McCalla* treated the superseding-indictment rule as an exception to Code § 19.2-243, rather than as a limitation on its definition of "offense." *Id.* at 576 n.9. It also described *Clark* as the outer boundary of that rule: a new indictment for the same offense obtained after the original speedy-trial period expires must be dismissed, whereas an indictment obtained before expiration begins a new speedy-trial period. *Id.* at 576-80. In this case, Ewell's Code § 18.2-53 indictment was returned on September 16, 2024, before the circuit court concluded that the speedy-trial period on the strangulation charge had expired in October. R. 1, 175. Thus, if the September indictment is treated as a superseding indictment for the same "offense," *McCalla* supports the Commonwealth's position that the Code § 18.2-53 prosecution was timely.

However, that conclusion does not resolve the narrower question presented here. In *McCalla*, the Commonwealth obtained the later malicious-wounding indictment to supplant the existing unlawful-wounding indictment. 87 Va. App. at 569-70. Here, the September indictment did not identify strangulation as its predicate or purport to replace the pending strangulation charge. R. 1. Only after the circuit court discharged Ewell from prosecution for strangulation did the Commonwealth amend the Code § 18.2-53 indictment to identify strangulation as the predicate felony. R. 14, 58-60. *McCalla* addresses when a later indictment begins a new speedy-trial period but does not address whether an offense already discharged under Code § 19.2-243 may thereafter supply the identified predicate element of a surviving charge. 87 Va. App. at 569-70. This opinion therefore does not conclude that the Code § 18.2-53 indictment was untimely or independently barred.

*Clark* remains relevant only as an interpretive guide. Since Code § 19.2-243 did not expressly address the related conspiracy charges at issue in *Clark*, this Court stated that it had to "determine what offenses the legislature intended to be barred by this provision." *Clark*, 4

- 14 -

Va. App. at 5. In answering that question, the Court considered both the statute's "literal language" and its "reason and spirit." *Id.* This Court cautioned against construing the statute in a manner that would circumvent the speedy-trial protection or frustrate the General Assembly's determination. *Id.* at 5-7. That interpretive approach guides the Court in giving practical effect to Ewell's statutory discharge.

The result instead follows from the text and interaction of the two statutes as applied to this particular record. Code § 18.2-53 required the Commonwealth to prove that Ewell wounded T.J. during the commission or attempted commission of a felony. At trial, the felony the Commonwealth identified as satisfying that element was strangulation. R. 58-60. However, Code § 19.2-243 provided that, after the speedy-trial violation, Ewell was "forever discharged from prosecution for such offense."

The majority's sufficiency analysis establishes that the evidence permitted the circuit court to find that Ewell committed or attempted to commit strangulation. The speedy-trial dismissal did not negate that evidence or constitute an adjudication on the merits. The remaining question is whether Code § 19.2-243's statutory discharge nevertheless precluded the Commonwealth from using strangulation as the identified predicate for the Code § 18.2-53 conviction.

Code § 19.2-243 bars "prosecution for such offense." It does not expressly prohibit the Commonwealth from proving conduct constituting that offense as an element of a different crime. *Davis* likewise establishes that proving a predicate felony is not ordinarily the same as separately prosecuting that felony. 4 Va. App. at 30-31. The statutes therefore do not expressly answer this unique procedural posture. Here, the Commonwealth separately charged Ewell with strangulation, Ewell was forever discharged from prosecution for that offense, and the Commonwealth then made strangulation the expressly identified felony predicate for the Code

- 15 -

§ 18.2-53 charge. R. 1, 14, 58-60. The circuit court could not convict under that theory without determining beyond a reasonable doubt that Ewell committed or attempted to commit that discharged offense. R. 117. I would construe Code § 19.2-243 to preclude the use of the strangulation offense as the requisite predicate felony on this record. Otherwise, the discharged offense would continue to perform the indispensable legal function necessary to impose punishment under Code § 18.2-53 despite the statutory command that Ewell be forever discharged from prosecution for the strangulation offense.

My conclusion that strangulation could not supply the predicate does not mean that the Code § 18.2-53 indictment was itself untimely or independently barred, nor does it rest on a joinder error as in *Clark*. It also does not suggest that the circuit court or the Commonwealth manipulated the proceedings to evade the speedy-trial deadline. Nor does it conflict with *Ragsdale*'s recognition that the Commonwealth may prosecute a distinct offense following a speedy-trial dismissal. 38 Va. App. at 427-29. It rests instead on the unique circumstance that strangulation was both the offense for which Ewell had been forever discharged from prosecution and the felony the Commonwealth later identified as indispensable to the Code § 18.2-53 conviction.

Accordingly, I would hold narrowly that, on this record, strangulation could not supply the required predicate for the Code § 18.2-53 felony wounding conviction after Ewell had been forever discharged from prosecution for the strangulation offense under Code § 19.2-243.

IV. Conclusion

Due to the Commonwealth's speedy-trial violation, the circuit court dismissed the strangulation charge. Ewell was "forever discharged" from prosecution for that strangulation offense under Code § 19.2-243. Since Ewell's conviction for wounding in the commission or

- 16 -

attempted commission of a felony under Code § 18.2-53 depended on that same strangulation offense, I would reverse the conviction and dismiss the indictment charging that offense.[8]

---

[8] The Commonwealth expressly identified strangulation as the predicate in the amended indictment, and the circuit court adjudicated the Code § 18.2-53 charge on that basis. Since I would hold that strangulation could not legally supply the required predicate, I would dismiss that charge rather than remand for consideration of a different predicate that was not presented or adjudicated below. Ewell's unchallenged assault and battery conviction would remain unaffected.